IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

 Plaintiff, No. CIV S-93-0767 LKK GGH P

 vs.

THEO WHITE, et al., ORDER AND

 Defendants. FINDINGS AND RECOMMENDATIONS

_____/

 Plaintiff is a state prisoner proceeding pro se with civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's supplemental complaint filed January 30, 2006, and defendants' motion to dismiss filed February 27, 2006, and motion to stay filed March 14, 2006.

 The operative amended complaint filed February 12, 1997, concerns plaintiff's ability to practice his Wiccan religion from approximately 1990 to 1997 at California State Prison-Sacramento (CSP-Sac). This action is set for jury trial on March 27, 2007.

 On January 13, 2006, the court ordered that plaintiff could file a supplemental complaint regarding the continued violations of the specific rights alleged in the operative amended complaint filed February 12, 1997, following his transfer to Mule Creek State Prison (MCSP). See January 13, 2006, order.

1   On January 30, 2006, plaintiff filed a supplemental complaint which includes
2 claims regarding his ability to practice his Wiccan religion occurring at CSP-Sac from 1999[1]
3 until his transfer to MCSP as well as his ability to practice his religion while at MCSP.  The
4 supplemental complaint names 26 new defendants.

5   Defendants move to dismiss the claims contained in the supplemental complaint
6 regarding the events occurring at CSP-Sac after 1999 on grounds that the January 13, 2006, order
7 did not authorize plaintiff to include these claims.  Rather, this order only authorized plaintiff to
8 include his claims regarding conditions at MCSP.   Defendants also argue that the supplemental
9 complaint includes legal claims not raised in the operative amended complaint.

10   The supplemental complaint includes several claims authorized by the January 13,
11 2006, order.  However, it is unclear whether the court is authorized to bar plaintiff's claims
12 regarding events at CSP-Sac after the settlement of this action.  See March 23, 2004, Order by
13 Honorable Lawrence K. Karlton, p. 3, n. 3 ("Moreover, once plaintiff's suit is reinstated, he will
14 be free to amend to include whatever wrongs he may allege pursuant to Fed. R. Civ. P. 15).

15   To allow plaintiff to proceed with the colorable claims raised in the supplemental
16 complaint would significantly delay and complicate resolution of this long pending action.  After
17 further consideration, the court has determined that it would be more efficient to sever the claims
18 raised in the supplemental complaint, but for the injunctive relief claims regarding MCSP, and
19 allow plaintiff to proceed with these claims in a separate action.  The jury trial in this action will
20 then concern plaintiff's claims for damages regarding the events occurring at CSP-Sac alleged in
21 the operative amended complaint and his claims for injunctive relief regarding MCSP.  Because
22 the Director of the California Department of Corrections is named in his official capacity, the
23 court need not order service of additional defendants regarding the new claims for injunctive
24 relief.  Accordingly, defendants' motion to dismiss the claims raised in the supplemental

---

[1] Plaintiff apparently transferred away from CSP-Sac sometime between the time the operative amended complaint was filed and 1999.

complaint is vacated.

Defendants have also moved to stay this action pending a determination of an inmate class of Wiccan/Pagain inmates in <u>McCollum, et al. v. California Department of Corrections</u>, No. C-04-3339 CRB (N.D. Cal.). Defendants argue that because plaintiff is a member of this proposed class and both actions involve similar questions of law, a stay will avoid conflicting decisions and duplication of discovery as well as minimize costs.

Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a *pending* class action suit involving the same subject matter. <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir. 1991). The records from the Northern District indicate that <u>McCollum</u> has not yet been certified as a class action. In fact, the Northern District records indicate that the plaintiffs have not yet moved for class certification. For these reasons, the court finds that defendants' motion is premature. Moreover, it is unclear whether plaintiff's request for injunctive relief would be barred because no class action was pending when it was made.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 27, 2006, motion to dismiss is vacated;

2. James E. Tilton, Secretary of the California Department of Corrections, is substituted as defendant in his official capacity pursuant to Fed. R. Civ. P. 25(d);

3. Within thirty days of the date of this order, James E. Tilton shall file a response to plaintiff's claims for injunctive relief regarding MCSP contained in the January 30, 2006, supplemental complaint;

4. The Clerk of the Court is directed to copy plaintiff's January 30, 2006, supplemental complaint and open it as a new action assigned to the same judges as are assigned to the instant action;

/////

/////

1    IT IS HEREBY RECOMMENDED defendants' March 14, 2006, motion to stay
2 be denied.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED:  7/11/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
rous767.sev