IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

        Plaintiff,                      No. CIV S-06-1527 LKK GGH P

    vs.

JAMES E. TILTON, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's August 1, 2006, motion for injunctive relief. Plaintiff alleges that defendants have threatened to transfer him away from Mule Creek State Prison (MCSP) in retaliation for his legal activities concerning the instant action.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1375. "Under

1

any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

On February 8, 2007, the court issued an order observing that plaintiff had filed no pleadings since August 2006 indicating that his transfer was imminent or that he actually had been transferred. The court ordered plaintiff to inform the court within ten days whether he desired to pursue his motion for injunctive relief.

On February 16, 2007, plaintiff filed a response to the February 8, 2007, order. Plaintiff states that he was "pulled off" the transfer list for mental health reasons. Based on this representation, the court does not find that plaintiff faces an immediate threat of irreparable harm. Accordingly, the motion for injunctive relief should be denied.[1]

IT IS HEREBY RECOMMENDED that plaintiff's August 1, 2006, motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/22/07                    /s/ Gregory G. Hollows

                                  UNITED STATES MAGISTRATE JUDGE
rou1527.pi

---

[1] Plaintiff also states that two other inmates who were considered Pagan leaders were transferred. Plaintiff Rouser is the only plaintiff in this action. Therefore, he may not represent other inmates in this action.